James R. MOORE and Denise A. Moore, Plaintiffs-Respondents,

v.

Todd L. BROWN and Connie J. Brown, Defendants-Appellants.

Court of Appeals

*No. 92-0518-FT. Submitted on briefs May 22, 1992.—Decided June 30, 1992.*

(Also reported in 486 N.W.2d 584.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Mark W. Morrow* of Waupaca.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *J. Edison Woods* of *Aschenbrener, Woods, Lamia & Schmid, S.C.* of Shawano.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Todd and Connie Brown appeal the portion of a judgment directing a verdict in favor of James and Denise Moore on the basis that Todd Brown was negligent in constructing and repairing the basement wall of the Browns' home that the Moores purchased.[1] The only issue on appeal is whether a home-owner-purchaser has a cause of action against a private homeowner-seller for the homeowner-seller's negligent construction and repair of a basement wall resulting in a latent defect requiring further reconstruction of the wall.

We conclude that the Moores, as purchasers, have no cause of action against the Browns, private home-owner-sellers, for Todd Brown's negligent construction and repair of his own home's basement wall. We there-

---

[1]This is an expedited appeal under Rule 809.17, Stats.

fore reverse the judgment and remand the matter for proceedings consistent with this opinion.

The Browns purchased a home without a basement in 1979, and Todd Brown constructed a basement beneath the existing structure. In 1984, he repaired the south wall of the basement that he constructed. The Moores purchased the home in 1985, knowing that Brown had constructed and repaired the basement wall. The Browns claim that at the time of the sale to the Moores, they were unaware of any structural problems with the basement wall. Subsequently, the Moores had to repair a portion of the basement wall.

The Moores filed an action against the Browns for breach of contract and negligent construction and repair of the basement wall. The breach of contract claim alleged that, contrary to their representations in the sale contract, the Browns had constructive notice or actual knowledge of a structural defect at the time of the sale. The negligence claim alleged that Brown failed to exercise ordinary care when constructing and repairing the basement wall. The complaint did not allege a negligent misrepresentation claim.

At the jury trial, Henry Weddig testified as an expert regarding various problems with the basement wall. He stated that the wall had moved four and one-half to five inches in the middle, the joints were cracked and the mortar was crumbled. Weddig also stated that he would have recommended ten-inch instead of eight-inch block. Gilbert Jensen, who helped Brown repair the basement wall, testified that he advised Brown that Brown should have been using ten-inch block. However, Jensen never suggested that using eight-inch block would result in a defective wall. He also stated that Brown put rods through the blocks as reinforcement.

At the close of the testimony and on a motion for a directed verdict, the trial court found the evidence undisputed that, at the time of the sale, the Moores knew Brown had constructed and repaired the basement wall. It also found the evidence undisputed that the Browns had no actual or constructive knowledge or notice of any structural defect in or problems with the basement wall from the time Brown repaired the wall to the time of the sale. The trial court therefore dismissed the Moores' breach of contract action on the merits. The Moores do not challenge this portion of the judgment on appeal. However, applying the standard of ordinary care, the trial court found that Brown negligently repaired the basement wall, and it directed a verdict in favor of the Moores for $7,892, the cost to repair the basement.

Whether a private homeowner-seller can be held liable to subsequent purchasers for negligently constructing and repairing a basement wall is a question of law that we review without deference to the trial court. *See Fisher v. Simon,* 15 Wis. 2d 207, 211-12, 112 N.W.2d 705, 708 (1961). Prior to *Fisher,* a purchaser had no cause of action for the negligent construction or repair of his home that resulted in a latent defect, absent a contractual obligation. *See id.* at 212, 112 N.W.2d at 708. In *Fisher,* our supreme court held that a purchaser has a cause of action against a building contractor (builder-vendor) for the negligent construction or repair of a home where the defect is latent. *Id.* at 213, 112 N.W.2d at 708-09.

Contrary to Moore's argument, in *Bagnowski v. Preway, Inc.,* 138 Wis. 2d 241, 247-49, 405 N.W.2d 746, 749-50 (Ct. App. 1987), we rejected the contention that *Fisher* applies to establish a purchaser's negligence claim

against a private homeowner-seller. Thus, the law remains that absent any contractual obligations to the contrary, a purchaser has no cause of action against a private homeowner-seller for the homeowner-seller's negligent construction or repair of his home.

Brown is not a builder-vendor. He is a private homeowner who constructed and repaired his home's basement wall and later sold the home to the Moores. Based on these facts, we conclude that the Moores failed to state a cause of action against the Browns for Todd Brown's negligent construction and repair of the basement wall. We reverse that portion of the judgment directing a verdict in favor of the Moores, and remand the matter with directions to enter a judgment dismissing the Moores' negligence claim against the Browns.

*By the Court.*—Judgment reversed and cause remanded.